IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | BK No. 13-12098 (CSS) |
| LMI LEGACY HOLDINGS, INC., | : | |
| | : | |
| Debtor. | : | |
| _____ | : | |
| | : | |
| EDWARD L. LIPSCOMB, AS SPECIAL GUC TRUSTEE OF THE LMI GUC TRUST, | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 19-887-CFC |
| | : | Adv. Pro. No. 15-51069 (CSS) |
| CLAIRVEST EQUITY PARTNERS LIMITED PARTNERSHIP, CLAIRVEST GROUP INC., CLAIRVEST ACQUISITION LLC, CLAIRVEST GP MANAGECO INC., DAVID STURDEE, KENNETH B. ROTMAN, ALY CHAMPSI, ALAN TORRIE, SIDNEY M. HORN, LOUIS P. ROCCO, SAVERIO D. BURDI, | : | BAP No. 19-30 |
| | : | |
| Appellees. | : | |

## **RECOMMENDATION**

At Wilmington this **17th** day of **June, 2019**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues

involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

This matter involves the Trustee's appeal from the Bankruptcy Court's opinion dismissing claims for breaches of fiduciary duties on the part of Appellees' Clairvest parties and Messrs. Rocco and Burdi's motions to dismiss under FED. R. CIV. P. 12(b)(6).

Since the order by the Bankruptcy Court was entered on April 27, 2017 and until this appeal, the parties engaged in both formal and informal settlement discussions, which included mediation before Chief Judge Fehling of the United States Bankruptcy Court for the Eastern District of Pennsylvania. Although this mediation to not reach any resolution, the Trustee further engaged in discussions with the different defendants' groups separately. As a result of the parties' continued efforts, settlement agreements were entered resolving all but the breach of fiduciary duty claims against the limited defense groups that are involved in this appeal.

In light of the above, all parties agree that additional formal mediation would neither be productive or successful and request that this matter be removed from the mandatory mediation process in this Court.

The parties propose the following briefing schedule for this appeal:

| | |
|---|---|
| Appellant's Opening Brief | July 26, 2019 |
| Appellees' Answering Briefs | August 30, 2019 |
| Appellant's Reply Brief | September 29, 2019 |

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a)

Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. As noted herein, this Recommendation is consistent with the parties' request, so no objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1 are anticipated.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
Chief U.S. Magistrate Judge